IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT TAYLOR,** | ) |
| **Plaintiffs,** | ) |
| vs. | ) Case No. 6:24-CV-03157-MDH |
| **HON. J. RON CARRIER,** | ) |
| **Defendant.** | ) |

## ORDER

Before the Court are *Pro Se* Plaintiff's Complaint, Affidavit of Financial Status, Motion for Leave to Proceed *in Forma Pauperis*, and Motion for Emergency Injunction. "Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's complaint to be filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ….. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Though unclear from Plaintiff's filings, Plaintiff appears to allege he is a defendant in an unspecified state-level misdemeanor case currently pending in Missouri's 31st Judicial Circuit. Plaintiff appears to seek removal of the state-level misdemeanor case to this Court through 28 U.S.C. § 1443. As a threshold matter, this Court lacks jurisdiction over a Missouri criminal case

1

currently pending in state court. To the extent Plaintiff seeks to remove his state criminal case to this Court, Plaintiff's Motion to Proceed *in Forma Pauperis* is **DENIED** with prejudice. Plaintiff's complaint also makes reference to his rights under the Sixth Amendment of the United States Constitution as well as the Americans with Disabilities Act (ADA). As written, however, Plaintiff's specific allegations regarding possible violations of the Sixth Amendment and the ADA remain impossible to discern and do not state a claim upon which this Court could conceivably grant relief. Plaintiff's allegations arising out of the constitution and the ADA, therefore, are likewise **DENIED**. Plaintiff is, however, granted leave of thirty days from the date of this order to amend and clarify any factual and legal allegations relating to possible violations of the United States Constitution as well as the ADA.

Plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). With regard to a *pro se* complaint the Court must liberally construe the allegations and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir. 2010) (citation omitted). Nonetheless, Plaintiff must plead some facts that could plausibly give rise to a claim upon which relief may be granted. That has not happened here. For this same reason, Plaintiff's Emergency Motion for Injunction is also **DENIED** without prejudice.

**CONCLUSION**

For foregoing reasons, Plaintiff's Motion to Proceed *in Forma Pauperis* is **DENIED** with prejudice to the extent Plaintiff seeks removal of his pending state criminal case to this Court. Plaintiff's Motion to Proceed *in Forma Pauperis* is **DENIED** without prejudice to the extent he

seeks to allege violations of the United States Constitution and the ADA. Those claims, and those claims alone, may be replead with this Court, should Plaintiff desire, no later than July 1, 2024. Plaintiff's Motion for Emergency Injunction is also **DENIED** without prejudice**.**

**IT IS SO ORDERED.**

Date: May 31, 2024

    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**